*Conformed*
*Copy*

1    Linda S. McAleer, SBN 249233
     Kennedy Law, P.C.
2    City National Plaza
     515 S. Flower St., Suite 3600
3    Los Angeles, CA 90071
     T 323-800-2630 F 323-297-4546
4
     Attorney for Plaintiffs
5

6

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIR TIAR  AND E.T. RADCLIFFE L.L.C., | **CV12 - 09323 GW (FFMx)** |
| Plaintiffs, | Case No.: _____ |
| vs. | PLAINTIFFS' COMPLAINT FOR: |
| THE WALT DISNEY COMPANY, THUNDERBIRD FILMS INC., WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, L.L.C., RICHARD WEITZ, DAN SIGNER AND JOHN DOES 1-25. | (1) COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101, et seq.); |
| | (2) VICARIOUS COPYRIGHT INFRINGEMENT; |
| Defendants. | (3) CONTRIBUTORY COPYRIGHT INFRINGEMENT; |
| | (4) *QUANTUM MERUIT*; |
| | (5) BREACH OF IMPLIED-IN-FACT CONTRACT; |
| | (6) BREACH OF CONFIDENCE; |
| | (7) INTENTIONAL MISREPRESENTATION; |
| | (8) UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200); |
| | (9) *QUANTUM MERUIT*; |
| | (10) DECLARATORY RELIEF; |
| | (11) INJUNCTIVE RELIEF AND IMPOUNDMENT |
| | JURY DEMAND |

-1-

1    Comes now, Plaintiffs Emir Tiar ("Tiar") and E.T. Radcliffe L.L.C. ("Radcliffe L.L.C.")

2    who file this complaint against Defendants The Walt Disney Company ("Disney"), Thunderbird

3    Films Inc., ("Thunderbird"), William Morris Endeavor Entertainment L.L.C. ("WME"), Richard

4    Weitz ("Weitz") Dan Signer ("Signer") and John Does 1-25 (collectively "Defendants"), for

5    copyright infringement, vicarious copyright infringement, contributory copyright infringement,

6    *quantum meruit*, breach of implied-in-fact contract, breach of confidence, intentional

7    misrepresentation, misappropriation of intellectual property, unfair competition, declaratory

8    relief, injunctive relief and impoundment of all infringing articles. Plaintiff estimates damages at

9    this time to be at least $100 Million.

10    Plaintiffs allege on personal knowledge as to all facts known to them, and on information

11    and belief as to all other facts, as follows:

12    **PARTIES**

13    1.    Plaintiff Tiar is an individual residing in this district.  Tiar adopted the *nom de*

14    *plume* pseudonym of "E.T. Radcliffe" which he uses for certain original literary works that were

15    provided to a trusted agent named as a Defendant in this Complaint and set forth in the material

16    predicate facts section herein.  He has also used the name "Allistair Wyndham" for other original

17    literary works.

18    2.    Plaintiff Radcliffe L.L.C. is a limited liability corporation organized under the laws

19    of the State of Texas with its principal places of business in Austin and Dallas, Texas.  Radcliffe

20    LLC is the assignee of a number of literary works authored by Tiar and registered with the

21    United States Copyright Office as provided in the material predicate facts section of this

22    Complaint.

23

24

3.     Defendant Disney is a Delaware corporation with its principal place of business at 500 South Buena Vista Street, Burbank, California, 91521.  Disney may be served with process through its registered agent Marsha L. Reed at 500 South Buena Vista St., Burbank, CA 91521.

4.     Defendant Thunderbird is a Canadian corporation with its principal place of business in Vancouver, Canada.   Thunderbird maintains an office in this judicial district at 10675 Santa Monica Blvd., Ste. B, Los Angeles, California 90025.  It may be served with process through its registered agent Joe Broido at 10675 Santa Monica Blvd., Ste. B, Los Angeles, California 90025.

5.     Defendant WME is a Delaware limited liability corporation with its principal place of business at 9601 Wilshire Blvd, 3rd Floor, Beverly Hills, California 90210.  WME may be served through its registered agent William Morris Endeavor c/o Corporation Service Company at 2710 Gateway Oaks, Dr. Ste. 150N, Sacramento, CA 95833.

6.     Defendant Weitz is a California resident who maintains his office at 9601 Wilshire Blvd, 3rd Floor, Beverly Hills, California 90210.  As alleged below, Weitz is a principal of Defendant WME and served as Tiar's trusted agent.  Weitz may be served at his Beverly Hills office or anywhere that he may be found in this judicial district.

7.     Defendant Signer is a California resident who, based on records filed with the Canadian Intellectual Property Office, maintains a business office in this judicial district at 9601 Wilshire Blvd, 3rd Floor, and Beverly Hills, California, 90210.  Signer may be served at his Beverly Hills office or anywhere that he may be found in this judicial district and/or through Thunderbird Films, Joe Broido at 10675 Santa Monica Blvd., Ste. B, Los Angeles, California 90025.

8.     John Does 1-25 are individual and corporate entities who, on information and belief, are additional responsible parties for the Federal and California state law claims made in

-3-

1  this Complaint.  The identities of John Does 1-25 are known only by defendants at this time;

2  such identities shall be obtained during discovery.  At the appropriate time, this Complaint may

3  be amended and/or supplemented to identify the John Doe defendants, and serve process upon

4  them, as provided in Federal Rules of Civil Procedure.

5                                    JURISDICTION AND VENUE

6         9.    This Complaint alleges copyright infringement, vicarious copyright infringement,

7  contributory copyright infringement, permanent injunctive relief and impoundment of all

8  infringing articles under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*. This Court has

9  subject matter jurisdiction over these federal question claims pursuant to 28 U.S.C. §§ 1331 and

10  1338(a).  This Complaint also alleges violations of California law and includes a claim for

11  declaratory relief.   This Court has jurisdiction over the state law claims pursuant to its

12  supplemental jurisdiction, 28 U.S.C. §1367(a) and has further jurisdiction over the declaratory

13  relief claim pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

14         10.    Venue is proper under 28 U.S.C. §§ 1391 and 1400(a) because the copyright

15  infringement, contributory copyright infringement, vicarious copyright infringement, unfair

16  competition and other wrongful acts that give rise to these claims occurred in this district and

17  because Defendants or their agents reside or may be found here.

18         11.    The Court has personal jurisdiction over these Defendants because they reside in

19  this district and/or conduct and solicit business in this district personally or through their agents.

20  A substantial part of the events giving rise to Plaintiffs' claims occurred in this district, including

21  acts of copyright infringement, contributory infringement and vicarious infringement.   The

22  Court, therefore, has personal jurisdiction over each Defendant.

23

24

**THE REGISTERED WORKS**

12.    Plaintiff Tiar, who sometimes writes under the pseudonyms E.T. Radcliffe and Allistair Wyndham, is the author of a number of original literary works that are registered with the United States Copyright Office.

13.    Among others, Tiar wrote *Student Teacher Pilot Script* (which included both a script and a show bible), *Student Teacher Show Bible* and derivative works of these titles.

14.    On April 17, 2009, Tiar registered *Student Teacher Pilot Script*, which included the *Student Teacher Show Bible*, with the United States Copyright Office. He has also registered corresponding derivative works (together, "Registered Works").

15.    *Student Teacher Pilot Script* and *Student Teacher Show Bible* were also registered with the Writer's Guild of America West.

16.    Generally, the *Student Teacher* program, as described in the pilot script and show bible, is a comedy about a middle school student named Mattie Drake who becomes the teacher of his class.  Mattie's teaching efforts are often stymied due to brutish behavior by the school bully, named "Smoky," and humorous pranks instigated by other students.   Mattie's parents, friends and romantic interest (Elizabeth) often try to guide Mattie but their advice sometimes leads to unintended consequences of a humorous nature.

17.    A key character is Mr. Slickham, the school janitor, who provides Mattie with wisdom and unique advice.  Mr. Slickham suddenly or mysteriously appears in scenes, often at a time when Mattie needs advice or is caught in a jam.  After bestowing his wisdom or advice, Mr. Slickham mysteriously vanishes or disappears from the scene quickly as he appeared.

18.    Unique characters and plot lines within the Registered Works are protected by copyright and/or provide story elements that are unique to the Student Teacher storyline.  By way of example, and not limitation:

1   a. Mattie Drake, a middle school student who becomes the teacher of his

2 class, is a unique character in the context of the *Student Teacher* storyline.

3   b. Mr. Slickham, a janitor at the school who suddenly appears and

4 mysteriously disappears in scenes, provides both comic value in some instances and is a

5 source of balanced guidance in other scenes. Mr. Slickham possesses a mature all-

6 knowing wisdom and helps to guide or otherwise provide assistance to Mattie Drake as

7 Mattie encounters challenges in his role as a student teacher.  Mr. Slickham is a unique

8 character in the context of the *Student Teacher* storyline.

9   c. Smoky is a brutish classmate who frequently challenges Mattie Drake's

10 authority in a bullying way and, with the assistance of other students, devises pranks to

11 disrupt and sidetrack Mattie in a comical way.

12   d. Elizabeth is a female student who loves science fiction and is presented as

13 a romantic interest for Mattie.

14   e. Mr. Cunningham is a teacher at the school where Mattie teaches and

15 possesses the characteristics of an upper-crust, fuddy-duddy type who wears thick black-

16 rimmed glasses.  Mr. Cunningham's relationship with Mattie fluctuates from adult-child

17 friendship to adult-child conflict.

18   f. Star Drake, Mattie's mother, works in the mobile-catering industry.

19  19. *Student Teacher Pilot Script*, *Student Teacher Show Bible* and all derivatives of

20 those titles are original and creative works authored by Plaintiff Tiar and, as indicated below, are

21 owned by Radcliff LLC.

1

### NOTICE OF COPYRIGHT REGISTRATION

2       20.  Tiar marked all copies of the Registered Works at issue with a notice, including the

3 "©" symbol, the year of the first publication of the work, and a known alternative designation of

4 the owner.

5

### THE REGISTERED WORKS HAVE BEEN ASSIGNED TO RADCLIFFE LLC

6       21.  In 2012, all rights to the Registered Works were assigned to Radcliffe LLC for

7 good and valuable consideration and all documents constituting the assignment have been duly

8 registered and/or recorded with the United States Copyright Office.

9       22.  Radcliffe LLC was formed to promote and market literary works composed by

10 Tiar.

11

### MATERIAL PREDICATE FACTS
### COMMON TO ALL CLAIMS FOR RELIEF

12

### *Brenda Hampton Introduces Tiar to Defendants Weitz and WME*

13

14       23.  In late April or early May 2009, Tiar met Andrew Manning of Prudential Real

Estate.  Manning was, at that time, the real estate agent of Brenda Hampton, a well-known

15 Hollywood producer and writer.

16

17       24.  At Tiar's request, Manning contacted Hampton and asked if she would meet with

Tiar to go over some of Tiar's scripts, including the Registered Works.  Hampton agreed to meet

18 with Tiar.

19

20       25.  In or about late May 2009, Manning, Tiar and Cynthia Tiar met with Hampton at

her office on the Warner Brothers back lot. At that meeting, Tiar discussed a number of his

21 television projects with Hampton and presented her with hardcopy versions of several scripts,

22 including the Registered Works.

23

24

1      26.    Hampton indicated that she would introduce Tiar to her talent agent, Defendant

2  Weitz at WME.  Hampton told Tiar to pick out no more than three of his best projects and to be

3  prepared to send them to Weitz.

4      27.    In or around late June 2009, as promised, Hampton made the call to Defendant

5  Weitz and notified Tiar, through Manning, that Weitz was expecting the scripts.

6      ***Defendants WME and Weitz Had Direct Access to Student Teacher***

7      28.    Shortly after receiving the news that Weitz wanted to read the scripts, Tiar

8  contacted California attorney Philip M. Dezen to prepare a cover letter transmitting the

9  Registered Works to Weitz at WME.  Dezen did in fact prepare the letter, dated June 30, 2012.

10      29.    The letter identifies WME's address as 9601 Wilshire Blvd., Beverly Hills, CA,

11  90210. As indicated below, Defendant Signer has claimed the same address as his office.

12      30.    Tiar hand-carried the package to Weitz' Beverley Hills office with WME at 9601

13  Wilshire Blvd., Beverly Hills, CA, 90210.  The package included the Dezen letter and several

14  scripts and show bibles, including the Registered Works.

15      31.    During a follow-up telephone call to Weitz' office, Tiar learned that Weitz

16  apparently misplaced the package that Tiar had delivered and/or could not locate it.

17      32.    On or around July 30, 2009, Tiar's wife, Cynthia, hand-carried a second package of

18  materials, once again including the Registered Works, to WME.  Cynthia insisted on delivering

19  the second package of materials, including the Registered Works, directly to Weitz' office to

20  ensure proper receipt.  Upon arriving at WME, Cynthia signed the log-in sheet before being

21  escorted to Weitz' office, where she met Weitz' assistant.  Cynthia was then formally introduced

22  to Weitz inside his office and gave the second package of materials, including the Registered

23  Works, directly to Weitz.  Weitz' assistant brought it to both Cynthia and Weitz' attention that

24  the first package of materials delivered by Tiar were not misplaced but were in fact sitting on the

1   corner of Weitz' desk. Cynthia saw that the first package was in fact sitting on Weitz' desk,

2   opened, and that the Registered Works Pilot Script and Show Bible were both visible.

3      33.   After Cynthia returned home from her trip to WME, Tiar sent a confirmatory email

4   directly to Weitz. This was Tiar's first direct contact with Weitz.

5      34.   Between August and September 2009, Tiar exchanged a number of emails and at

6   least one telephone call with Weitz concerning Tiar's scripts, including the Registered Works.

7   Weitz indicated that he had read the scripts, asked Tiar questions about the material and

8   generally discussed actors who expressed an interest in various character roles.

9      35.   Weitz indicated to Tiar that the Registered Works would need to be associated with

10   a well-known producer before the scripts could be marketable, but that Tiar would be

11   compensated and given proper attribution/credit for creating the series. Tiar said he would

12   cooperate.

13      36.   It was Tiar's clear understanding, based on his communications with Weitz, that

14   Weitz intended to look for a well-known producer for the purpose of marketing the scripts.

15      37.   After initially appearing interested in the materials, Weitz suddenly became curt in

16   his email responses.

17      38.   During a telephone call between Tiar and Weitz in approximately late September,

18   2009, Weitz informed Tiar that his materials, including the Registered Works, were too "high

19   concept" for American audiences and that Weitz would not be able to sell them. Tiar requested

20   the return of his materials and Weitz promised to do so.

21      39.   Tiar did not receive the materials that Weitz promised to return.

22                 ***Signer Obtains Direct Access to Student Teacher***

23      40.   Defendant Signer is a well-known producer and author represented by WME.

24

41.     During the time in question, Signer represented his office address to be 9601 Wilshire Blvd., Beverly Hills, CA, 90210, the same address as Weitz.

42.     On August 30, 2011, **17 months after** Tiar filed his original copyright registration for *Student Teacher* and *Student Teacher Show Bible* at the United States Copyright Office, and **14 months after** Tiar hand delivered *Student Teacher* and *Student Teacher Show Bible* to Weitz at 9601 Wilshire Blvd., Beverly Hills, CA, 90210, Signer registered the television show pilot *Mr. Young* with the Canadian Intellectual Property Office.  As part of the registration, Signer listed his "Original Office" as 9601 Wilshire Blvd., Beverly Hills, CA, 90210, the same physical address as WME, the same physical address as Weitz, the same physical address that attorney Dezen addressed his letter transmitting Tiar's Registered Works, and the same physical address that Tiar and his wife separately delivered the Registered Works in June and July of 2009.

43.     Signer thus obtained access to the Registered Works through his "Original Office" at 9601 Wilshire Blvd., Beverly Hills, CA, 90210.

### *Signer's* **Mr. Young** *infringes Radcliffe LLC's copyrights for* Student Teacher **Pilot Script** *and* Student Teacher **Show Bible**

44.     Signer copied the Registered Works, plagiarized the original content including the story line and key characters, claimed the plagiarized materials as his own when they were not, used WME to represent him as his agent to sell the rights of the infringing works to Defendant Thunderbird, and benefitted from the fame and fortune that resulted in the production of a hit TV series which is now shown in 31 countries around the world in its third season.

45.     Signer's program *Mr. Young* and/or episodes and characters within the series, together and/or separately, constitute an unauthorized copying and/or are an unauthorized derivative of the Registered Works, resulting in copyright infringement.

46.    The story of *Mr. Young*, where a middle-school student becomes teacher of his class, is identical to the story presented in the Registered Works.  Exercising no independent creativity, Signer simply changed the names of the characters and modified the episodes as presented in the Registered Works.

a.    Signer changed the name of the student teacher from Mattie Drake to Adam Young.  Adam Young, like Mattie Drake, is the teacher of a class of students his own age.

b.    Signer changed the name of the janitor from Slickham to Dang.  Dang, the janitor in *Mr. Young*, like Slickham in *Student Teacher,* suddenly and unexpectedly appears and disappears during the program, providing sage advice to Adam and adds comedic value to various scenes.

c.    Signer changed the name of the bully from Smoky to Slab.  Adam's efforts to teach the class are stymied due to Slab's bullying conduct and pranks.

d.    Signer changed the name of the love interest character from Elizabeth to Echo.  As with the character Elizabeth in *Student Teacher,* Echo enjoys reading science fiction and has a romantic interest in the lead character.

e.    Signer changed the name of Mattie's mother from Star Drake to Rachel Young.  Both characters work in the mobile-catering industry.

f.    The character Mr. Tater in *Mr. Young* is the equivalent of Mr. Cunningham in *Student Teacher* with both occupying a role at the school, both having upper-crust taste, both having thick black rimmed glasses, and both interacting with the lead character such that at times they are friendly while other scenes show them as having conflict.

47.    All of the elements of *Student Teacher* are found in *Mr. Young*.

48.    It is no coincidence that Signer came up with an idea for a television program about a student who becomes a teacher, that the school's janitor mysteriously appears and disappears to

1    give advice to the student teacher and provide comedic value, that the student teacher is menaced

2    by a bully and other students who engage in tomfoolery, that the love interest enjoys science

3    fiction, that the student teacher's friends, parents and love interest give him advice that leads to

4    comedic results.

5         49.   Signer improperly obtained access to the Registered Works through Tiar's agency,

6    WME, copied *Student Teacher* and the story bible without permission from Tiar, created

7    derivative works of same and, through the further assistance and participation of WME, sold the

8    rights to the infringing work on two occasions:  First to Thunderbird Films and later to Disney.

9    Signer, Thunderbird and Disney eventually produced episodes of *Mr. Young* that infringe the

10   Registered Works.

                              ***Facts Relating to Vicarious Copyright Infringement***

11

12        50.   At all times relevant to the actions described herein, WME employee and partner,

13   Weitz, acted in his capacity as an agent for Tiar.

14        51.   Weitz read Tiar's Registered Works after two separate copies were delivered to

15   him.

16        52.   Weitz showed initial interest in the materials and stated that he would need a well-

17   known producer associated with the Registered Works to market and sell them.

18        53.   After stating that Tiar's work could be marketed if associated with a well-known

19   producer, Weitz changed his story, claiming that Tiar's works could not be sold because they

20   were too "high concept."

21        54.   As indicated above, Signer operated out of the same office address as Weitz in

22   Beverly Hills, CA.

23

24

55.   Signer obtained access to the Registered Works from WME through unknown John Doe Defendants who either gave the Registered Works to Signer directly or failed to secure the materials properly, thereby allowing Signer to obtain access through stealth.

56.   WME and unknown John Doe Defendants induced or encouraged Signer to infringe Tiar's Registered Works.

57.   WME and unknown John Doe Defendants whose office address is the same as the office address listed by Signer with the Canadian Intellectual Property Office, had the right and ability, through their agency relationship with Tiar, to supervise and/or control the infringing activity of Signer by refusing to provide Signer with copies of the Registered Works and/or securing the materials to prevent Signer from obtaining improper access.

58.   WME and the unknown John Doe Defendants, failed to exercise the right and ability to supervise and/or control the infringing activity of Signer.

59.   WME and the unknown John Doe Defendants benefitted from Signer's infringement by earning revenue through their representation of Signer in the licensing and/or sale of Signer's so-called rights to the infringing materials to third parties, which may include Thunderbird, Disney and/or other unknown John Doe Defendants known only to WME and Signer.

### *Facts Relating to Contributory Copyright Infringement*

60.   At all times relevant to the actions described herein, WME employee and partner, Weitz, acted in his capacity as an agent for Tiar.

61.   Weitz showed initial interest in the materials and stated that he would need a well-known producer associated with the Registered Works to market and sell them.

1    62.    After stating that Tiar's work could be marketed if associated with a well-known

2    producer, Weitz changed his story, claiming that Tiar's works could not be sold because they

3    were too "high concept."

4    63.    As indicated above, Signer operated out of the same office address as Weitz in

5    Beverly Hills, CA.

6    64.    Signer obtained access to the Registered Works from WME through unknown John

7    Doe Defendants who either gave the Registered Works to Signer directly or failed to secure the

8    materials properly, thereby allowing Signer to obtain access through stealth.

9    65.    WME and unknown John Doe Defendants induced or encouraged Signer to

10   infringe Tiar's Registered Works.

11   66.    Weitz, WME and/or certain John Doe Defendants had actual or constructive

12   knowledge of Signer's infringement.

13   67.    Weitz, WME and/or certain John Doe Defendants contributed to or materially

14   induced Signer to infringe Tiar's copyrights by giving Signer unauthorized access to the

15   Registered Works so that rights to the resulting infringing works could be sold to third parties,

16   which may include Thunderbird, Disney and/or other unknown John Doe Defendants known

17   only to WME and Signer.

18   *The Infringing Work Is An International Success*

19   68.    Signer, through his agent WME, sold the infringing work known as *Mr. Young* to

20   Thunderbird and/or a related John Doe Defendant in 2010.

21   69.    Thunderbird produced episodes of the infringing work known as *Mr. Young* in

22   2010 and 2011.

23   70.    On March 1, 2011, YTV – a Canadian television production company – premiered

24   the infringing work known as *Mr. Young*.

a.   The series credits for *Mr. Young* represent that it was purportedly "created by" Defendant Signer, who also serves as the program's executive producer.

b.   Defendant Thunderbird is identified as the production company.

71.   After its first season, YTV proclaimed that the infringing work known as *Mr. Young* was the most popular program on the network.

72.   In or around September 2011, Defendant Disney announced that it had purchased the rights to the infringing work known as *Mr. Young* from YTV's parent company, Corus Entertainment, and would broadcast the program on Disney XD throughout the United States and distribute the program worldwide.

73.   Defendant Disney is currently broadcasting the infringing work known as *Mr. Young* in the United States and is exporting the infringing work to the United Kingdom, Ireland, Canada, Poland, Italy, Netherlands, Turkey, South Africa, Spain, Hungary, Romania, Czech Republic, Greece, Ukraine, Bulgaria, Portugal, Australia, New Zealand, Pakistan, Sri Lanka, Philippines, Bangladesh, Brunei, Hong Kong, Malaysia, Singapore, Thailand, Vietnam, Indonesia and Taiwan.

74.   Disney is earning revenues as a result of the domestic copyright infringement and from its distribution of the infringing work overseas.

75.   Defendant Signer continues to act as executive producer for the program and presumably is paid royalties or some other compensation for his work.

76.   Singer continues to falsely claim to be the "creator" of the infringing work known as *Mr. Young*. Mr. Signer maintains a Twitter account, @DanSigner, where he represents to the public "I make TV. Not actual TVs. That's hard and requires an engineering degree. But I do make @antfarm and @mryoungtv." When a new episode of *Mr. Young* is aired, Signer regularly tweets the time that the program will be aired.

77.   Defendant Thunderbird continues to produce the infringing program known as *Mr. Young* for Disney and presumably is paid royalties or some other compensation for its work.

### An Agency Relationship Existed Between Tiar and Weitz/WME

78.   The facts alleged herein establish the existence of an agency relationship between Tiar, on the one hand, and Weitz/WME, on the other.

79.   Tiar, as the principal retained all the rights to control the Registered Works, including but not limited to approval of the sale of the Registered Works, changes, derivative works, and distribution. At no point did he assign rights in the Registered Works to Weitz or WME.

80.   Tiar relied on Weitz, and by extension WME, to represent him in dealings with third persons such as producers and studios. In fact, Weitz indicated to Tiar that the Registered Works would need to be associated with a well-known producer before the scripts could be marketable, with which Tiar consented and agreed to cooperate.

81.   Weitz agreed to represent Tiar, act as his agent and, among other things, look for a well-known producer and market the scripts on Tiar's behalf. Weitz further represented and agreed that Tiar would be compensated and given credit should the Registered Works be purchased or otherwise produced.

### Tiar Discovers and Reports the Infringing Conduct

82.   Tiar first discovered the *Mr. Young* television series on one of the Disney television stations. Tiar immediately recognized the program to be substantially the same as the Registered Works. Tiar had never heard of *Mr. Young* prior to this viewing.

83.   Tiar contacted Michael Shepard of Thunderbird Films via email. Tiar indicated that he disagreed with the claimed authorship of the *Mr. Young* show and that Tiar suspected that the scriptwriter, Signer, had "plagiarized" Tiar's *Student Teacher* materials. Shepard's response

1  later that day was dismissive in nature, evidencing a reckless disregard for the claimed

2  infringement or an awareness of, and willful disregard for, the copyright infringement at issue.

3        84.    Tiar contacted Weitz via email and notified him of the copyright infringement.

4  Weitz denied any knowledge of the situation; denied knowing Signer; and falsely claimed to

5  have returned Tiar's materials including *Student Teacher*.  Despite Tiar's request that Weitz

6  assist him in resolving this clear case of copyright infringement, Weitz turned his head, looked

7  the other way and did nothing.

8        85.    Tiar sent emails to the CEOs of WME, including Ari Emmanuel and Patrick

9  Whitesell, informing them of the copyright infringement and that Weitz could be involved in the

10  infringing activities.  Despite having had communication with both Emmanuel and Whitesell

11  previously, they looked the other way, failed to respond, and did nothing to assist Tiar in

12  resolving the issue.

13                              COUNT I
            DIRECT COPYRIGHT INFRINGEMENT CLAIMS AGAINST

14            SIGNER, THUNDERBIRD, DISNEY AND JOHN DOES 1-10

15        86.    Plaintiff Radcliffe LLC re-alleges and incorporates by reference the allegations set

16  forth above.

17        87.    The Registered Works include original, creative literary works and are otherwise

18  copyrightable subject matter under the laws of the United States.

19        88.    Radcliffe LLC is the legal owner of the Registered Works by way of assignment

20  documentation duly recorded with the Copyright Office.

21        89.    At the time of first publication of the Registered Works, the Registered Works bore

22  qualifying copyright notice(s) as provided under 17 U.S.C. § 401, eliminating any defense by

23  any Defendant of any so-called "innocent infringement," precluding mitigation of Plaintiff

24  Radcliffe LLC's damages.

90.     As the sole proprietor of all right, title and interest in and to the copyright in the Registered Works, Plaintiff Radcliffe LLC has the exclusive right to, among other things, copy the works, prepare derivatives of the works, distribute the works, and/or license such rights to one or more third parties in return for good and valuable consideration.

91.     Signer knowingly and willingly infringed, and will continue to infringe, Radcliffe LLC's exclusive copyrights protected through the Registered Works. The infringing activity specifically includes, by way of example and not limitation, creating a derivative work of Tiar's pilot script, copying and/or creating derivative works of the episodes in the Registered Works and copying and/or creating derivative works of the characters in the Registered Works.

92.     By producing *Mr. Young*, a television series indisputably derived from *Student Teacher*, which has been imported into the United States, Thunderbird Firms Inc. infringed Radcliffe LLC's exclusive copyrights.

93.     By producing and distributing *Mr. Young*, a television series indisputably derived from *Student Teacher*, Disney infringed Radcliffe LLC's exclusive copyrights.

94.     One or more John Does, whose identities are known only by Defendants, infringed Radcliffe LLC's exclusive copyrights.

95.     As a direct and proximate result of the infringing activities of Signer, Thunderbird, Disney and the John Does whose identities are known only by Defendants, Radcliffe LLC has suffered and will continue to suffer irreparable injuries that cannot be reasonably or adequately measured or compensated with monetary damages.  Such irreparable injuries and damages include, but are not limited to, the fact that Radcliffe LLC has been unfairly deprived of: (1) just compensation for the infringing use of the Registered Works; (2) the fair opportunity to produce the television show *Student Teacher*; and (3) recognition, including a screen credit, to which Radcliffe LLC is undeniably entitled.

1   96.   Radcliffe LLC is entitled to seek, and will seek, all remedies provided in the

2   Copyright Statute for the infringement despite the irreparable harm that it has suffered.

3   COUNT II<br>VICARIOUS COPYRIGHT INFRINGEMENT<br>AGAINST WME, WEITZ AND JOHN DOES 11-15

5   97.   Radcliffe LLC re-alleges and incorporates by reference the allegations set forth

6   above.

7   98.   WME, Weitz and certain John Does, whose identities are known only to

8   Defendants, profited directly from the infringing activity of Signer, Disney, Thunderbird and

9   other John Doe Defendants.

10   99.   Radcliffe LLC is informed and believes, and on that basis alleges, that WME,

11   Weitz and certain John Does, whose identities are known only to Defendants, had the right and

12   ability to control and/or supervise and prevent the infringing activity of Signer, who shared an

13   office with WME and Weitz.

14   100.   WME, Weitz and certain John Does, whose identities are known only to

15   Defendants, failed to exercise that right and ability to prevent Signer's infringing activity.

16   101.   As a result of the infringing activity, Radcliffe LLC has suffered irreparable harm.

17   Such irreparable injuries and damages include, but are not limited to, the fact that Radcliffe LLC

18   has been unfairly deprived of: (1) just compensation for the infringing use of the Registered

19   Works; (2) the fair opportunity to produce the television show *Student Teacher*; and (3)

20   recognition, including a screen credit, to which Radcliffe LLC is undeniably entitled.

21   102.   Radcliffe LLC will seek all remedies provided in the Copyright Statute for the

22   infringement despite the irreparable harm that it has suffered.

23

24

1

**COUNT III**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT**
**AGAINST WME, WEITZ AND JOHN DOES 11-15**

2

3    103.  Radcliffe LLC re-alleges and incorporates by reference the allegations set forth

4    above.

5    104.  WME, Weitz and certain John Does, whose identities are known only to

6    Defendants, had knowledge of Signer's infringement and either (a) materially contributed to

7    Signer's infringement; or (b) induced that infringement so that the infringing works could be

8    marketed to third party film producers for profit.

9    105.  As noted above, Weitz read Tiar's Registered Works after two separate copies were

10   delivered to him; Weitz showed initial interest in the materials but ultimately claimed that they

11   could not be sold because they were too "high concept"; Signer, who identified his "Original

12   Office" as the same office address as the physical address for WME's offices in Beverly Hills,

13   obtained access to the Registered Works from WME through unknown John Doe Defendants

14   who either gave the Registered Works to Signer directly or failed to secure the materials

15   properly, thereby allowing Signer to obtain access indirectly; Weitz, WME and/or certain John

16   Doe Defendants had actual or constructive knowledge of Signer's infringement; Weitz, WME

17   and/or certain John Doe Defendants contributed to or materially induced Signer to infringe Tiar's

18   copyrights by giving Signer unauthorized access to the Registered Works so that rights to the

19   resulting infringing works could be sold to third parties, which may include Thunderbird, Disney

20   and/or other unknown John Doe Defendants whose identifies are known only to WME and

21   Signer.

22   106.  As a result of the infringing activity, Radcliffe LLC has suffered irreparable harm.

23   Such irreparable injuries and damages include, but are not limited to, the fact that Plaintiff has

24   been unfairly deprived of: (1) just compensation for the infringing use of the Registered Works;

1  (2) the fair opportunity to produce the television show *Student Teacher*; and (3) recognition,

2  including a screen credit, to which Radcliffe LLC is undeniably entitled.

3      107.  Radcliffe LLC will seek all remedies provided in the Copyright Statute for the

4  infringement despite the irreparable harm that it has suffered.

5  **COUNT IV**<br>**ALTERNATIVE CLAIM FOR *QUANTUM MERUIT***<br>**AGAINST ALL DEFENDANTS**

6

7      108.  Plaintiff Radcliffe LLC realleges and incorporates by reference the allegations set

8  forth above.

9      109.  As an alternative to the claims of copyright infringement in Counts I, II and III

10  above, and not in addition to those claims, Radcliffe LLC asserts this claim for *quantum meruit*

11  pursuant to California state law.

12      110.  As a result of Defendants' unauthorized use of Plaintiff's scripts without

13  permission or compensation, Defendants have been unjustly enriched.

14      111.  Defendants obtained a benefit from Plaintiff through misrepresentation and the

15  taking of an undue advantage. As a direct and proximate result of Defendants' actions, Plaintiffs

16  have suffered damages in an amount to be proved at trial.

17      112.  Plaintiffs are entitled to all remedies permitted under law including, without

18  limitation, injunctive relief, impoundment, damages, punitive damages, attorneys' fees, taxable

19  costs, pre-judgment interest and post-judgment interest.

20  **COUNT V**<br>**BREACH OF IMPLIED-IN-FACT CONTRACT**<br>**AGAINST WEITZ AND WME**

21

22      113.  Tiar realleges and incorporates by reference the allegations set forth above.

23      114.  Tiar is informed and believes, and on that basis alleges, that in or around late June

24  2009 Weitz, entered into an oral agreement in which Tiar agreed to allow Weitz to review his

1  scripts and Weitz agreed to review Tiar's scripts; promote same for possible production; and to

2  assist Tiar in obtaining a contract for the production of the Registered Works.

3      115.  Tiar performed all conditions, covenants, and promises required on his part to be

4  performed in accordance with the terms and conditions of the oral contract.

5      116.  On or about July 12, 2009 and again on or about July 31, 2009, Tiar delivered the

6  show bibles and pilot scripts for the Registered Works to Weitz. After reading the scripts, Weitz

7  claimed he could not successfully promote the Registered Works for production.

8      117.  Weitz breached this agreement by (1) distributing and/or working with an unknown

9  John Doe to deliver the script and show bible of *Student Teacher* to Signer; (2) having an

10  unknown John Doe employee at WME promote derivatives of the Registered Works as altered

11  by Signer; (3) allowing Signer to utilize Tiar's scripts for the television series *Mr. Young*; and (4)

12  not listing Tiar as the author of *Mr. Young*.

13      118.  Plaintiff is informed and believes, and on that basis alleges, that at some time after

14  Weitz may have further breached this agreement by distributing other Registered Works to an

15  unnamed third party.

16      119.  Plaintiff has no adequate legal remedy for this breach of contract in that damages

17  are inadequate to remedy Tiar's loss of reputation and fame.

18      120.  As a result of Defendants' actions in breaching the contract, Plaintiff is entitled to

19  equitable relief in the form of injunctive relief and full restitution and/or disgorgement of all

20  revenues, earnings, profits, compensation and benefits which may have been obtained by Weitz

21  and WME as a result of such actions.

22                          **COUNT VI**
                    **BREACH OF CONFIDENCE**
23                    **AGAINST WEITZ AND WME**

24      121.  Plaintiff Tiar realleges and incorporates by reference the allegations set forth above.

122. Tiar had a fiduciary relationship with Weitz based on trust and confidence, which derived from Weitz' and Tiar's professions (agent and writer respectively) plus Tiar's submission of his script to Weitz and Weitz' voluntary retention of Tiar's script.

123. By virtue of this special relationship that existed between Tiar and Weitz, Tiar had confidence in the fidelity and integrity of Weitz and entrusted Weitz with full access to his scripts, creating a confidential relationship that existed at all times relevant to this Complaint between Weitz and Tiar such that Weitz owed to Tiar a fiduciary duty to not disseminate Tiar's script, except with Tiar's prior express permission.

124. Plaintiff is informed and believes, and on that basis alleges, that despite having voluntarily accepted the trust and confidence of Tiar, Weitz violated and abused the trust and confidence of Tiar by providing Tiar's script to Signer or allowing a third party John Doe to provide the materials to Signer.

125. Plaintiff is informed and believes, and on that basis alleges, that despite having voluntarily accepted the trust and confidence of Tiar, Weitz violated and abused the trust and confidence of Tiar by distributing other Registered Works to an unnamed John Doe third party.

126. As a result of Weitz' breach of fiduciary duties to Tiar alleged above, Weitz and WME gained the advantage of earning substantial compensation and fame by promoting direct copies and/or derivative works of the copies on behalf of Signer.

127. Plaintiff has no adequate legal remedy for this breach of fiduciary duties in that damages are inadequate to remedy the breach of Tiar's trust and confidence.

128. As a result of Weitz' breach of his fiduciary duties, Plaintiff is entitled to equitable relief in the form of injunctive relief and full restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by Weitz and WME as a result of such actions.

-23-

129. In doing the acts alleged above, Weitz acted with reckless disregard and/or malicious intent in such that Plaintiff is entitled to all damages available under California law as well as punitive damages.

**COUNT VII**
**INTENTIONAL MISREPRESENTATION**
**AGAINST SIGNER, WEITZ AND WME**

130. Plaintiff Tiar realleges and incorporates by reference the allegations set forth above.

131. Plaintiff is informed and believes, and on that basis alleges, that Weitz made at least the following representation to Tiar: that, in his opinion, Tiar's Registered Works could not be sold even if they were edited and/or adjusted.

132. The representations were false.

133. Plaintiff is informed and believes, and on that basis alleges, that Weitz made the decision that WME could market *Student Teacher* and collect higher commissions if it were marketed through a well-known producer, such as Signer. By marketing the materials through Signer, Weitz knew WME could sell the works for a higher price.

134. Plaintiff is informed and believes, and on that basis alleges, that at the time Weitz made these representations, he knew them to be false and made these representations with the intention to induce Tiar to act in reliance on these representations and stop pursuing production of his scripts.

135. In reliance on these representations, Tiar was induced to and did stop seeking production of his scripts. Had Tiar known the actual facts, he would have continued to publicize and pursue production opportunities through other agencies. The reliance of Tiar on Weitz' representations was justified because Weitz occupied a position of trust with regard to Tiar and because Weitz through his experience and position with WME is an authority in the field.

136.  As a result of Weitz' fraudulent conduct alleged above, Weitz and WME gained the advantage of earning substantial compensation and additional notoriety.

137.  Plaintiff has no adequate legal remedy for this scheme to defraud him in that damages are inadequate to remedy Tiar's loss of fame and notoriety.

138.  In doing the acts alleged above, Defendants acted with reckless disregard and/or malicious intent in such that Plaintiff is entitled to all damages available under California law as well as punitive damages.

**COUNT VIII**
**UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200)**
**AGAINST WEITZ AND WME**

139.  Plaintiffs reallege and incorporate by reference the allegations set forth above.

140.  Plaintiffs are informed and believe, and on that basis allege, that Defendants' conduct as alleged herein constitutes unlawful, unfair, or fraudulent business acts or practices in violation of California Business and Professions Code § 17200 *et seq.*

141.  Unless Defendants are restrained from continuing these unlawful, unfair, or fraudulent business acts or practices, Plaintiffs will suffer irreparable injury.

142.  As a direct and proximate result of the foregoing conduct, Defendants have reaped commissions and other monetary compensation. Plaintiffs are entitled to full disgorgement of all profits obtained by Defendants as a result of their unlawful, unfair, and fraudulent acts as alleged herein.

**COUNT IX**
**QUANTUM MERUIT**
**AGAINST WME AND WEITZ**

143.  Plaintiffs reallege and incorporate by reference the allegations set forth above.

144.  As an alternative to the state law (non-federal) claims made above, Plaintiffs seeks *quantum meruit.*

-25-

1    145.  As a result of Defendants WME and Weitz' unauthorized use of Plaintiffs' scripts

2    without compensation, Defendants WME and Weitz have been unjustly enriched.

3    146.  Defendants WME and Weitz obtained a benefit from Plaintiffs by fraud, duress and

4    the taking of an undue advantage. As a direct and proximate result of Defendants WME and

5    Weitz' actions, Plaintiffs have suffered damages in an amount to be proved at trial.

6    147.  Plaintiffs are entitled to all remedies permitted under law including, without

7    limitation, injunctive relief, impoundment, damages, damages for willful conduct, attorneys'

8    fees, taxable costs, pre-judgment interest and post-judgment interest.

**COUNT X**
**DECLARATORY RELIEF**
**AGAINST ALL DEFENDANTS**

11    148.  Plaintiff Radcliffe LLC realleges and incorporates by reference the allegations set

12    forth above.

13    149.  An actual controversy has arisen and now exists between Radcliffe LLC and

14    Defendants as to the following matters:

15              a.   Whether any of the Defendants committed copyright infringement by

16                   creating derivative works of Plaintiff's Registered Works;

17              b.   Whether any of the Defendants committed vicarious copyright infringement

18                   in the creation of derivative works of Plaintiff's Registered Works;

19              c.   Whether any of the Defendants committed contributory copyright

20                   infringement in the creation of derivative works of Plaintiff's Registered

21                   Works;

22              d.   Whether any of the Defendants induced copyright infringement in the

23                   creation of derivative works of Plaintiff's Registered Works;

24    150.  Plaintiff desires a judicial determination of these issues.

-26-

1    151.  Such a declaration is necessary and appropriate at this time in order that Plaintiff

2    may ascertain rights to compensation and credit for Tiar's contribution to *Mr. Young*.

3    COUNT XI
     INJUNCTIVE RELIEF AND IMPOUNDMENT
4    AGAINST ALL DEFENDANTS

5    152.  Plaintiffs reallege and incorporate by reference the allegations set forth above.

6    153.  Plaintiffs are informed and believe, and on that basis allege, Defendants' wrongful

7    conduct described above, unless and until enjoined and restrained by order of this Court, will

8    cause great and irreparable injury to Plaintiffs in that such conduct, among other things, may

9    prevent them from receiving appropriate credit for their contribution to *Mr. Young* and from

10   being able to produce *Student Teacher*.

11   154.  Plaintiffs have no adequate remedy at law for many of the injuries that are

12   threatened in that it will be impossible for Plaintiffs to determine the precise amount of damages

13   he will suffer if said conduct is not restrained.

14   155.  For all parties found liable for copyright infringement, Plaintiff seeks impoundment

15   of all infringing materials and destruction thereof.

16   DAMAGES

17   156.  Plaintiffs estimate damages to be at least $100 Million based on the fact that the

18   television series is now in its third season and is being broadcast in 31 different countries,

19   generating revenues, commissions and income that Defendants would not be entitled to receive

20   but for the wrongful conduct described herein.

21   JOINT AND SEVERAL LIABILITY

22   157.  Defendants are jointly and severally liable for the wrongful conduct described

23   herein.

24

-27-

1

### JURY DEMAND

2       158.  Defendants hereby demand a jury trial for all claims so triable.

3

### PRAYER FOR RELIEF

4       WHEREFORE, Plaintiffs respectfully prays that this Court enter judgment against

5   Defendants as follows:

6       1.  A judgment for copyright infringement, vicarious copyright infringement,

7           contributory copyright infringement, *quantum meruit*, breach of contract, breach of

8           confidence, intentional misrepresentation, unfair competition, declaratory relief,

9           injunctive relief, and impoundment of all infringing materials and destruction thereof;

10      2.  A judgment for all damages available to Plaintiffs under Federal statutes, California

11          statutes and the common law;

12      3.  A judgment awarding reasonable attorneys' fees and taxable costs for those claims

13          qualifying for such awards under Federal and California law;

14      4.  A judgment for punitive, exemplary and/or enhanced damages to the extent such

15          damages are permitted under Federal and California law; and

16      5.  All such other relief that this Court deems fair and just and otherwise available under

17          Federal and California law.

18   Dated:  October 30, 2012                    Respectfully submitted,

19

20                                               *Linda S. McAleer*
                                                 *Attorney for Plaintiff, E.T. Radcliffe L.L.C.*

21

22   4822-2520-7313, v.  1

23

24

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV12- 9323 GW (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Linda S. McAleer, SBN 249233
Kennedy Law, P.C.
City National Plaza, 515 S. Flower St., Suite 3600
Los Angeles, CA 90071
T: 323-800-2630 F: 323-297-4546

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Emir Tiar, and E. T. Radcliffe, L.L.C.<br><br><br>PLAINTIFF(S)<br><br>v.<br><br>The Walt Disney Company, Thunderbird Films Inc.<br>William Morris Endeavor Entertainment, L.L.C.,<br>Richard Weitz and Dan Signer and Does 1 - 25<br><br>DEFENDANT(S). | CASE NUMBER<br><br><br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Linda S. McAleer _____, whose address is Kennedy Law, P.C., 7317 El Cajon Blvd, Suite 204A, La Mesa, CA 91942 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___10-30-12___

By: _Lori Wagers_____
Deputy Clerk
**LORI WAGERS**
*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Emir Tiar and E.T. Radcliffe L.L.C. | The Walt Disney Company, Thunderbird Films Inc., William Morris Endeavor Entertainment, L.L.C., Richard Weitz, Dan Signer And John Does 1-25 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Linda S. McAleer, SBN 249233, Kennedy Law, P.C. City National Plaza, 515 S. Flower St. 36th Floor Los Angeles, CA 90071 T: 323-800-2630 F 323-297-4546 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
17 U.S.C. §§ 101, et seq. Copyright infringement, vicarious copyright infringement, contributory copyright infringement, and State Court claims

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 210 Land Condemnation | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 240 Torts to Land | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## CV12 - 09323 GW (FFMx)

**FOR OFFICE USE ONLY:** Case Number: _____

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX.  VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District: | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Emir Tiar Riverside County | E. T. Radcliffe, L.L.C., Texas |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All Defendants in Los Angeles County | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
      **Note:  In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _J S McAfee_____    Date  10/30/2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |