1  LOUIS P. PETRICH (State Bar No. 038161)
   ROBERT S. GUTIERREZ (State Bar No. 143223)
2  LEOPOLD, PETRICH & SMITH, P.C.
   2049 Century Park East, Suite 3110
3  Los Angeles, California 90067-3274
   Tel:  (310) 277-3333 • Fax: (310) 277-7444
4  E-Mail:  lpetrich@lpsla.com; rgutierrez@lpsla.com

5  Attorneys for Defendant
   DAN SIGNER

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  EMIR TIAR and E.T. RADCLIFFE       | CASE NO. CV 12-9323-GW (FFMx)
    L.L.C.,                           |
12                                     | Hon. George H. Wu
              Plaintiffs,             |
13                                     | NOTICE OF MOTION AND
    v.                                | MOTION TO DISMISS BY
14                                     | DEFENDANT DAN SIGNER;
    THE WALT DISNEY COMPANY,          | MEMORANDUM OF POINTS AND
15  THUNDERBIRD FILMS INC.,           | AUTHORITIES IN SUPPORT
    WILLIAM MORRIS ENDEAVOR           | THEREOF
16  ENTERTAINMENT, L.L.C., RICHARD    |
    WEITZ, DAN SIGNER and JOHN DOES   | CTRM:      10
17  1-25,                             | DATE:      January 7, 2013
                                       | TIME:      8:30 a.m.
18            Defendants.             |

19

20  TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:

21       PLEASE TAKE NOTICE that on January 7, 2013, at 8:30 a.m., or as soon

22  thereafter as the matter may be heard in the above-entitled court, located at 312 N.

23  Spring Street, Los Angeles, California 90012, defendant Dan Signer ("Signer") will

24  and hereby does move the Court to dismiss Counts I, IV, VII, X and XI against him

25  pursuant to Federal Rule of Civil Procedure 12(b)(6).

26       Plaintiffs' Complaint fails to state claims against Signer upon which relief can

27  be granted, on the following grounds:

28

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

28417

1

Plaintiffs' First Claim for copyright infringement is based on conclusory allegations of copying the unprotectible idea of a young student teacher and *scenes à faire* and conventions of story-telling that flow naturally from that unprotectible idea. These allegations are entirely insufficient to state a claim for copyright infringement.

That portion of Plaintiffs' Fourth Claim for quantum meruit that seeks recovery against Signer for alleged unjust enrichment is preempted by section 301(a) of the Copyright Act. That portion of the claim that is based on an alleged misrepresentation should be dismissed because Plaintiffs allege no misrepresentation by Signer. Accordingly, the entirety of the quantum meruit claim should be dismissed as to Signer.

Plaintiffs' Seventh Claim for intentional misrepresentation should be dismissed as to Signer for the same reason as the portion of the quantum meruit claim against him that is based on an alleged misrepresentation – *i.e.*, because the Complaint alleges no misrepresentation by Signer.

Plaintiffs' Tenth and Eleventh claims against Signer for declaratory relief and injunctive relief, respectively, should also be dismissed because Plaintiffs cannot state a plausible basis for their copyright infringement claim against Signer upon which these two claims are based.

Signer's counsel sent a letter to Plaintiffs' counsel on December 3, 2012, requesting a pre-filing conference of counsel pursuant to Local Rule 7-3. The letter set forth the specific claims that Signer believed were subject to dismissal and the specific grounds for the contemplated motion. The letter requested that the conference take place on or before December 5, 2012 because, if the parties failed to resolve the matter informally, Signer intended to file a motion to dismiss on December 10, 2012, the deadline for the other defendants' responsive pleadings. On the morning of December 5, Plaintiffs' counsel replied with an email that stated, "We understand your position and will be opposing the motion." *See* Declaration of Louis P. Petrich (¶ 3 & Exs. A & B thereto) filed concurrently herewith.

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

28417

2

DEFENDANT DAN SIGNER'S NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    This motion is based upon this Notice of Motion and Motion, the attached

2 Memorandum of Points and Authorities, the [Proposed] Order submitted concurrently

3 herewith, all of the pleadings, files, and records in this proceeding, all matters of

4 which the Court may take judicial notice, and any argument or evidence that may be

5 presented to or considered by the Court prior to its ruling.

6

7 DATED:  December 10, 2012                _____/s/_____

8                                                         LOUIS P. PETRICH
                                                           ROBERT S. GUTIERREZ
9                                                         LEOPOLD, PETRICH & SMITH, P.C.
                                                           Attorneys for Defendant DAN SIGNER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

28417

3

DEFENDANT DAN SIGNER'S NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................1

II. LEGAL STANDARD ..............................................................2

III. PLAINTIFFS' FIRST CLAIM FOR COPYRIGHT INFRINGEMENT ........3

    A. Elements Of A Claim For Copyright Infringement ..............................3

    B. Plaintiffs' Copyright Infringement Allegations Against Signer ...........3

    C. No Adequate Allegation Of Unlawful Appropriation ("Substantial Similarity Of Protected Expression") ..................................................5

    D. Extrinsic Test ....................................................................6

    E. Plaintiffs' Complaint Fails To State A Plausible Claim For Copyright Infringement Against Signer .................................7

IV. PLAINTIFFS' FOURTH CLAIM FOR QUANTUM MERUIT SHOULD BE DISMISSED BECAUSE IT IS PREEMPTED BY THE COPYRIGHT ACT AND ALLEGES NO MISREPRESENTATION BY SIGNER ..............................................................................10

V. PLAINTIFFS' SEVENTH CLAIM FOR INTENTIONAL MISREPRESENTATION SHOULD BE DISMISSED AS TO SIGNER BECAUSE IT ALLEGES NO MISREPRESENTATION BY SIGNER .....13

VI. PLAINTIFFS' TENTH AND ELEVENTH CLAIMS AGAINST SIGNER FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO ALLEGE PLAUSIBLE CLAIMS FOR RELIEF ...................................14

VII. CONCLUSION .................................................................14

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

28417

DEFENDANT DAN SIGNER'S NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# **TABLE OF AUTHORITIES**

Page

## **CASES**

*American Movie Classics Co. v. Turner Entertainment Co.*
  922 F.Supp. 926 (S.D.N.Y. 1996) ...............................................12

*Anderson v. Deloitte & Touche,*
  56 Cal.App.4th 1468 (1997) ....................................................13

*Apple Computer, Inc. v. Microsoft Corp.*
  35 F.3d 1435 (9th Cir. 1994) .....................................................7

*Ashcroft v. Iqbal,*
  556 U.S. 662, 129 S.Ct. 1937,173 L.Ed.2d 868 (2009) .................2

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ...............2

*Briarpatch Ltd. v. Phoenix Pictures, Inc.*
  373 F.3d 296 (2d.  Cir. 2004), *cert. denied,* 544 U.S. 949, 125 S.Ct. 1704,
  161 L.Ed.2d 525 (2005)........................................................12

*Brown Bag Software v. Symantec Corp.*
  960 F.2d 1465 (9th Cir. 1992) ...................................................7

*Campbell v. Walt Disney Co.*
  718 F.Supp.2d 1108 (N.D. Cal. 2010)......................................5, 8

*Clegg v. Cult Awareness Network*
  18 F.3d 752 (9th Cir. 1994) ......................................................3

*Del Madera Properties v. Rhodes & Gardner, Inc.*
  820 F.2d 973 (9th Cir. 1987) ...............................................11, 12

*Dumas v. Kipp*
  90 F.3d 386 (9th Cir. 1996) ......................................................3

*Ehat v. Tanner*
  780 F.2d 876 (10th Cir. 1985), *cert. denied,* 479 U.S. 820, 107 S.Ct. 86,
  93 L.Ed.2d 39 (1986)............................................................12

*Feist Publications, Inc. v. Rural Tele. Serv. Co.,*
  499 U.S. 340, 1115 S.Ct. 1282, 113 L.Ed.2d 358 (1991) .............3, 6

*Flynn v. Surnow*
  2003 WL 23411877 (C.D. Cal., Dec. 9, 2003)..............................8

*Fogerty v. Fantasy, Inc.*
  510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) ...............11

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

28417

ii
DEFENDANT DAN SIGNER'S NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Funky Films, Inc. v. Time Warner Entertainment Co.*
    462 F.3d 1072 (9th Cir. 2006)............................................3, 5, 6, 7, 8

*Harper & Row, Publishers v. Nation Enterprises*
    471 U.S. 539, 85 L.Ed.2d 588, 105 S.Ct. 2218 (1985) .................................6

*Harper House, Inc. v. Thomas Nelson, Inc.*
    889 F.2d 197(9th Cir. 1989) ......................................................5

*Harter v. Disney Enterprises, Inc.*
    2012 WL 2565024 (E.D. Mo. 2012) ..........................................5, 9

*Kodadek v. MTV Networks, Inc.*
    152 F.3d 1209 (9th Cir. 1998) ...............................................11

*Laws v. Sony Music Entertainment, Inc.*
    448 F.3d 1134 (9th Cir. 2006), *cert. denied*, 549 U.S. 1252, 127 S.Ct.
    1371, 167 L.Ed.2d 159 (2007)...............................................11

*Mazer v. Stein*
    347 U.S. 201, 74 S.Ct. 460, 98 L.Ed. 630 (1954) ...................................3

*McArdle v. Mattel Inc.*
    456 F.Supp.2d 769 (E.D. Tex. 2006) .........................................13

*Metcalf v. Bochco,*
    294 F.3d 1069 (9th Cir. 2002) ...............................................6

*Moss v. U.S. Secret Serv.*
    572 F.3d 962 (9th Cir. 2009) ................................................3

*Newton v. Diamond*
    388 F. 3d 1189 (9th Cir. 2004) ..............................................5

*Olson v. National Broadcasting Co.*
    855 F.2d 1446 (9th Cir. 1988) ..............................................6, 9

*Randolph v. Dimension Films*
    634 F.Supp.2d 779 (S.D. Tex. 2009)...........................................9

*See v. Durang*
    711 F.2d 141 (9th Cir. 1983) ................................................7

*Shaw v. Lindheim*
    919 F.2d 1353 (9th Cir. 1990) ...............................................6

*Walker v. Time Life Films, Inc.*
    784 F.2d 44 (2d Cir. 1986) .................................................8

*Western Mining Council v. Watt*
    643 F.2d 618 (9th Cir. 1981) ................................................3

*Wild v. NBC Universal, Inc.*
    788 F.Supp.2d 1083 (C.D. Cal. 2011)..........................................2, 8

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

28417

iii

*Williams v. Crichton,*
     84 F.3d 581 (2d Cir. 1996) ............................................................6

*Zella v. The E.W. Scripps Co.,*
     529 F.Supp.2d 1124 (C.D. Cal. 2007) ....................................3, 8

## **STATUTES**

17 U.S.C. § 102 ...........................................................................11

17 U.S.C. § 103 ...........................................................................11

17 U.S.C. § 102(a) .......................................................................11

17 U.S.C. § 102(b) ....................................................................5, 7

17 U.S.C. § 103(a) .......................................................................11

17 U.S.C. §106 .............................................................................11

17 U.S.C. §301(a) ...............................................................2, 10, 11

## **OTHER AUTHORITIES**

California Civil Code
     §1709; §1710 ..........................................................................13

## **RULES**

Federal Rule of Civil Procedure
     ("F.R.C.P.") 12(b)(6) ........................................................1, 2, 5, 9

## **TREATISES**

4 M. & D. Nimmer, *Nimmer On Copyright ("Nimmer")* (2012)

     § 13.01 at 13-5 to -6……………………………………………3

     § 13.01[A] at 13-7 to -8 ..........................................................4

     § 13.01[B] at 13-8 to -10 ........................................................5

     § 13.03[A] at 13-37 to -39 ................................................5, 6, 7

     § 13.03[A][2] ..........................................................................6

     § 13.03[D] at 13-90 to -92 .....................................................5

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

iv

DEFENDANT DAN SIGNER'S NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

28417

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs Emir Tiar and E.T. Radcliffe L.L.C. (collectively "Plaintiffs") allege that defendant Dan Signer ("Signer"), and other defendants, copied from Plaintiffs' pilot script and television show "bible" entitled *Student Teacher*.  In their Complaint, Plaintiffs describe *Student Teacher* as a comedy about a middle school student who becomes the teacher of his class and whose teaching efforts are often stymied due to the actions of a school bully and pranks by other students.

Plaintiffs allege that Signer obtained access to the *Student Teacher* pilot script and television show bible through defendant Richard Weitz, an agent at defendant William Morris Endeavor, and copied from it to create the children's television show *Mr. Young*.  Plaintiffs allege that, like the *Student Teacher* pilot script and show bible, *Mr. Young* is about a student teacher.  Plaintiffs allege that both works feature a school janitor, a school bully, a love interest, and advice given to the student teacher.  Based on these allegations, Plaintiffs assert claims against Signer for copyright infringement (First Claim for Relief), quantum meruit (Fourth Claim for Relief), intentional misrepresentation (Seventh Claim for Relief), Declaratory Relief (Tenth Claim for Relief), and Injunctive Relief and Impoundment (Eleventh Claim for Relief).

All of Plaintiffs' claims against Signer should be dismissed because none of the allegations in these claims are *plausibly suggestive* of a claim entitling Plaintiffs to relief against Signer.

Plaintiffs' First Claim for copyright infringement is based on conclusory allegations that Signer copied the unprotectible idea of a young student teacher and *scenes à faire* and conventions of story-telling that flow naturally from that unprotectible idea.  Such allegations are insufficient to state a claim for copyright infringement.

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

28417

1
DEFENDANT DAN SIGNER'S NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   Plaintiffs' Fourth Claim for quantum meruit alleges that Signer has been

2   unjustly enriched by his alleged unauthorized use of Plaintiffs' *Student Teacher* pilot

3   script and show bible, and seeks to recover in quantum meruit for the alleged unjust

4   enrichment.  The quantum meruit claim also alleges that Signer obtained a benefit

5   from Plaintiffs through misrepresentation.  That portion of the quantum meruit claim

6   that seeks recovery for alleged unjust enrichment is preempted by the Copyright Act.

7   The portion of the claim that is based on an alleged misrepresentation should be

8   dismissed because Plaintiffs allege no misrepresentation by Signer.  Accordingly, the

9   entirety of the quantum meruit claim should be dismissed as to Signer.

10   Plaintiffs' Seventh Claim for intentional misrepresentation should be dismissed

11   as to Signer for the same reason as the portion of the quantum meruit claim against

12   him that is based on an alleged misrepresentation – *i.e.*, because Plaintiffs allege no

13   misrepresentation by Signer.

14   Plaintiffs' Tenth and Elevenths claims against Signer for declaratory relief and

15   injunctive relief, respectively, should be dismissed because Plaintiffs cannot state a

16   copyright infringement claim upon which these two claims are based.

17   **II.    LEGAL STANDARD**

18   A motion to dismiss pursuant to Federal Rule of Civil Procedure ("F.R.C.P.")

19   12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  A claim

20   may be dismissed if it does not allege facts sufficient to raise a right to the relief

21   requested.  A plaintiff's allegations must rise above the level of mere speculation and

22   must be plausible on their face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-

23   559, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  Only a complaint that states a plausible

24   claim for relief survives a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129

25   S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009); *Wild v. NBC Universal, Inc.*, 788

26   F.Supp.2d 1083 (C.D. Cal. 2011).  While for purposes of a motion to dismiss all

27   allegations of material fact in the complaint are taken as true, a court "is not required

28   to accept legal conclusions in the form of factual allegations if those conclusions

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

28417

2

DEFENDANT DAN SIGNER'S NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness*
2   *Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Western Mining Council v. Watt*, 643 F.2d
3   618, 623 (9th Cir. 1981); *Zella v. The E.W. Scripps Co.*, 529 F.Supp.2d 1124, 1127-
4   1128 (C.D. Cal. 2007).  "[F]or a complaint to survive a motion to dismiss, the non-
5   conclusory 'factual content,' and reasonable inferences from that content, must be
6   plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret*
7   *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  When amendment of a complaint would be
8   futile, dismissal should be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393
9   (9th Cir. 1996).

10  **III.   PLAINTIFFS' FIRST CLAIM FOR COPYRIGHT INFRINGEMENT**
11  **SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAIL TO ALLEGE**
12  **A PLAUSIBLE CLAIM**
13       **A.    Elements Of A Claim For Copyright Infringement**
14          To establish a prima facie case of copyright infringement, Plaintiffs must
15  present substantial evidence that they own a copyright and that Signer actually copied
16  original, protected expression from Plaintiffs' work. *Feist Publications, Inc. v. Rural*
17  *Tele. Serv. Co.*, 499 U.S. 340, 361, 1115 S.Ct. 1282, 113 L.Ed.2d 358 (1991); *Mazer*
18  *v. Stein*, 347 U.S. 201, 218, 74 S.Ct. 460, 98 L.Ed. 630 (1954) ("Absent copying there
19  can be no infringement of copyright."); *Funky Films, Inc. v. Time Warner*
20  *Entertainment Co.*, 462 F.3d 1072, 1081-82 (9th Cir. 2006); *Cavalier v. Random*
21  *House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002); *Kouf v. Walt Disney Pictures &*
22  *Television*, 16 F.3d 1042, 1044, n.2 (9th Cir. 1994); 4 M. & D. Nimmer, *Nimmer On*
23  *Copyright* ("*Nimmer*"),  § 13.01 at 13-5 to -6 (2012).
24       **B.    Plaintiffs' Copyright Infringement Allegations Against Signer**
25          In their First Claim, Plaintiffs allege that Signer infringed Plaintiffs' *Student*
26  *Teacher* pilot script and television show bible (the so-called "Registered Works") by
27  "creating a derivative work of Tiar's pilot script, copying and/or creating derivative
28  works of the episodes in the Registered Works and copying and/or creating derivative

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

28417

3
DEFENDANT DAN SIGNER'S NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

works of the characters in the Registered Works." Cmpt., ¶ 91.  Plaintiffs incorporate into their copyright claim the conclusory allegations that:

    (a)    "Signer copied the Registered Works [and] plagiarized the original content including the story line and key characters" (Cmpt., ¶ 44);

    (b)    "Signer's program *Mr. Young* and/or episodes and characters within the series, together and/or separately, constitute an unauthorized copying and/or are an unauthorized derivative of the Registered Works" (Cmpt., ¶ 45);

    (c)    "The story of *Mr. Young*, where a middle-school student becomes teacher of his class, is identical to the story presented in the Registered Works. Exercising no independent creativity, Signer simply changed the names of the characters and modified the episodes as presented in the Registered Works" (Cmpt., ¶ 46).

Plaintiffs make the similarly conclusory allegation that "[a]ll of the elements of *Student Teacher* are found in *Mr. Young* (Cmpt., ¶47) and that "[i]t is no coincidence that Signer came up with an idea for a television program about a student who becomes a teacher, that the school's janitor mysteriously appears and disappears to give advice to the student teacher and provide comedic value, that the student teacher is menaced by a bully and other students who engage in tomfoolery, that the love interest enjoys science fiction, that the student teacher's friends, parents and love interest give him advice that leads to comedic results."  Cmpt., ¶ 48.

As demonstrated below, these conclusory allegations of a general plot idea and elements that naturally flow from that general plot are entirely insufficient to state a claim for copyright infringement against Signer.

For purposes of this Motion only, Signer will assume that Plaintiffs own a valid U.S. copyright to the *Student Teacher* pilot script and show bible.  4 *Nimmer*, § 13.01 [A] at 13-7 to -8.  What remains to be determined is the issue of "copying" of protected expression, which requires that Plaintiffs properly allege and prove two

DEFENDANT DAN SIGNER'S NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

distinct elements:  actual copying and unlawful appropriation.  4 *Nimmer*, § 13.01[B] at 13-8 to -10.

### C.  No Adequate Allegation Of Unlawful Appropriation ("Substantial Similarity Of Protected Expression")

Unlawful appropriation focuses on the legal issue of whether any alleged copying extended beyond unprotectible facts, concepts or ideas (17 U.S.C. § 102(b)) to plaintiff's protectible expression, that is  "the actual concrete elements that make up the total sequence of events and the relationships between the major characters." *Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir. 1985).  Neither "access" nor actual copying is relevant to an analysis of whether a defendant's work is substantially similar to protected expression in a plaintiff's work.  4 *Nimmer*, § 13.03[D] at 13-90 to -92.  Thus, even if a court assumes that a defendant had access to a plaintiff's work, there is no infringement as a matter of law if the two works are not substantially similar.  *See Funky Films*, 462 F.3d at 1075 n.1, 1081-82 (no infringement even if access is assumed); *Newton v. Diamond*, 388 F. 3d 1189, 1192-93 (9th Cir. 2004) ("even where the fact of copying is conceded, no legal consequences will follow from that fact unless the copying is substantial"); *Harter v. Disney Enterprises, Inc.*, 2012 WL 2565024 (E.D. Mo. 2012) (after converting F.R.C.P.12(b)(6) motion to Rule 56 motion and solely on comparing the works, court ruled that defendants' movies did not infringe plaintiff's story); *Campbell v. Walt Disney Co.*, 718 F.Supp.2d 1108 (N.D. Cal. 2010) (granting Rule 12(b)(6) motion and dismissing claim that defendants' movie infringed plaintiff's script).

When, as in this case, non-identical works are compared, the "substantial similarity" inquiry involves a legal or policy issue:  How far beyond the literal may a plaintiff's copyright monopoly extend?  *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 201 (9th Cir. 1989); 4 *Nimmer*, § 13.03[A] at 13-37 to -39.  If a plaintiff were allowed to extend his monopoly too far, liability would be imposed for the "use" of unprotected ideas and facts – rather than protected expression – in violation of the

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

28417

5

DEFENDANT DAN SIGNER'S NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

First Amendment and copyright policy.   *Feist*, 499 U.S. at 344-48, 349-50; *Harper & Row, Publishers v. Nation Enterprises*, 471 U.S. 539, 556, 85 L.Ed.2d 588, 105 S.Ct. 2218 (1985) (the idea/expression dichotomy strikes a constitutional balance between copyright and free speech interests).

Because storytelling necessarily relies on the use of facts, ideas, clichés, *scenes á faire*, conventions of story-telling and filmmaking not original to its author, *see Metcalf v. Bochco*, 294 F.3d 1069, 1074 (9th Cir. 2002), a plaintiff's dramatic work is only protected from nearly verbatim copying of factual material or from the comprehensive non-literal copying of its "story" or "pattern," the original arrangement of characters, their relationships and the essential sequence of events. 4 *Nimmer*, § 13.03[A][l][b; *Williams v. Crichton*, 84 F.3d 581, 588-91 (2d Cir. 1996); *Berkic*, 761 F.2d at 1293-94; *Olson v. National Broadcasting Co.*, 855 F.2d 1446, 1450 (9th Cir. 1988); *Shaw v. Lindheim*, 919 F.2d 1353, 1363 (9th Cir. 1990); 4 *Nimmer*, § 13.03[A][1] & [2]at 13-39 to -40.1 & 13-53 to -59.

To determine "substantial similarity" between works that are not literally similar, the Ninth Circuit employs an "extrinsic" (*i.e.*, objective) and an "intrinsic" (*i.e.*, subjective) test, originated in *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157 (9th Cir. 1977) ("*Krofft*"). The extrinsic test is to be applied by a court before the trier of fact evaluates the intrinsic test. *Kouf*, 16 F.3d at 1045.

## D.   Extrinsic Test

Under the extrinsic test, the court must first "list and analyze" "specific criteria" (eight factors for literary and dramatic works) in each work on an objective basis and then compare the works with reference to those factors to determine if they are substantially similar in protected "expression." *Rice v. Fox Broadcasting Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003); *Krofft*, 562 F.2d at 1164; *Kouf*, 16 F.3d at 1045. "[T]his question may often be decided as a matter of law." *Krofft*, 562 F.2d at 1164; *Funky Films*, 462 F.3d at 1081-82; *Cavalier*, 297 F.3d at 824; *Kouf*, 16 F.3d at 1045;

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

6

DEFENDANT DAN SIGNER'S NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

28417

1   *Berkic*, 761 F.2d at 1293; *See v. Durang*, 711 F.2d 141, 144 (9th Cir. 1983).

2          Application of the extrinsic test filters out claimed "similarities" in

3   unprotectible elements, such as facts, ideas, clichés, *scenes à faire*, and conventions of

4   story-telling and filmmaking.  *Rice*, 330 F.3d at 1174-75; *Cavalier*, 297 F.3d at 823;

5   *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1442-43 (9th Cir. 1994);

6   *Kouf*, 16 F.3d at 1045; *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1475-

7   77 (9th Cir. 1992); *Berkic*, 761 F.2d at 1293; 4 *Nimmer*, § 13.03[A][1] at 13-39 to -43.

8          Affirming summary judgment dismissal of a claim that a television series

9   infringed a script, the Ninth Circuit in *Funky Films* stated:

10              The extrinsic test focuses on "articulable similarities between

11               the plot, themes, dialogue, mood, setting, pace, characters,

12               and sequence of events" in the two works.  [Citation omitted].

13               In applying the extrinsic test, this court "compares, not the

14               basic plot ideas for stories, but the actual concrete elements

15               that make up the total sequence of events and the relationships

16               between the major characters."  [Citation omitted] (bracketed

17               material added).

18   462 F.3d at 1077.

19   **E.    Plaintiffs' Complaint Fails To State A Plausible Claim For**

20          **Copyright Infringement Against Signer**

21          Plaintiffs' Complaint alleges nothing more than purported similarities that, even

22   if they existed, constitute unprotectible ideas and/or *scenes à faire*.  Plaintiffs

23   complain that both their *Student Teacher* pilot script and show bible and Signer's *Mr.*

24   *Young* involve a student who becomes a teacher.  Even if true, this is not plausibly

25   suggestive of a claim entitling Plaintiffs to relief for copyright infringement because it

26   is a mere idea that is not protectible by copyright law.  17 U.S. C. § 102(b)("In no case

27   does copyright protection for an original work of authorship extend to any idea

28   . . . regardless of the form in which it is described, explained, illustrated, or embodied

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

28417

7

DEFENDANT DAN SIGNER'S NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  in such work.”).

2       Nor are Plaintiffs' allegations that both works include a janitor, a school bully, a
3  love interest, and advice given to the student teacher plausibly suggestive of a claim
4  for copyright infringement.  Indeed, all of these alleged similarities constitute
5  unprotectible *scenes á faire* that flow naturally from the premise of a young student
6  teacher.  *See Funky Films*, 462 F.3d at 1081 (finding that similar plots involving "the
7  family-run funeral home, the father's death, and the return of the 'prodigal son,' who
8  assists his brother in maintaining the family business" were unprotectible general plot
9  ideas); *Kouf*, 16 F.3d at 1044-1045 (finding similar plots of shrunken kids and the
10  "life struggle of kids fighting insurmountable dangers" unprotected general plot
11  ideas); *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 50 (2d Cir. 1986) (finding that
12  "[e]lements such as drunks, prostitutes, vermin and derelict cars would appear in any
13  realistic work about the work of policemen in the South Bronx" and "therefore are
14  unprotectible as 'scenes a faire,' that is, scenes that necessarily result from the choice
15  of a setting or situation"); *Crichton*, 84 F.3d at 589 (2d Cir. 1996) (finding automated
16  tours, uniformed workers, dinosaur nurseries and electrified fences were all "classic
17  *scenes a faire* that flow from the uncopyrightable concept of a dinosaur zoo"); *Wild*,
18  788 F.Supp.2d at 1103 (finding that "the idea of a murder suspect or some other
19  character being chased by an angry mob is so common as to require little comment");
20  *Zella*, 529 F.Supp.2d at 1135 (finding similarities of cooking, interviewing celebrities
21  and discussing celebrity projects to be *scenes a faire* that naturally flow from an
22  interview and talk-show format"); *Campbell.*, 718 F.Supp.2d at 1112-1113  (finding
23  that a young mentee-older mentor storyline was a "basic plot idea . . . not protected by
24  copyright law" and the idea that the older mentor was a former champion racer
25  "directly flows" from a story involving race-car driving);  *Flynn v. Surnow*, 2003 WL
26  23411877 at *8 (C.D. Cal., Dec. 9, 2003) (Fees, J.) (finding that use of a sniper rifle
27  by an assassin was "an example of a *scene á faire* which flows naturally from a plot
28  about an assassination attempt"); *Randolph v. Dimension Films*, 634 F.Supp.2d 779,

LEOPOLD, PETRICH & SMITH
A Professional Corporation

8
28417
DEFENDANT DAN SIGNER'S NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   789 (S.D. Tex. 2009) (finding that a fight scene featuring powers and weapons was

2   unprotectible because it flowed naturally from the general concept of an imaginary

3   world controlled by character's mind or thoughts); *Harter v. Disney Enterprises, Inc.*,

4   2012 WL 4324417 at *2-3 (E.D. Mo., Sept. 20, 2012) (after converting a Rule

5   12(b)(6) motion to dismiss to a motion for summary judgment, the court ruled, based

6   on the works alone, that defendants' movies about Santa's dog were not substantially

7   similar to protected expression in plaintiff's story about Santa's dog even where

8   plaintiff's and defendants' works all had a plot involving a threat to the Christmas

9   holiday/spirit that was saved by a talking Christmas dog, all works featured characters

10  of Santa, elves and other helpers, dogs named "Paws," "Santa Paws," or "Puppy

11  Paws," an antagonist trying to ruin Christmas or cause other trouble, and a magical

12  icicle or ice crystal).

13          Plaintiffs' Complaint makes no allegations regarding the extrinsic elements of

14  themes, dialogue, mood, setting, pace, or sequence of events.

15          The Ninth Circuit's analysis in *Olson*, affirming JNOV for defendants'

16  television series *The A-Team* against a claim brought on the plaintiff's script, applies

17  equally here:

18                  Olson claims, in essence, that the defendants took his

19                  characters and his format for an action-adventure series.

20                  However, copyright law affords no protection to the format

21                  proposed by Olson. Nor may we find copyright infringement

22                  based upon a comparison of the characters in "Cargo" to

23                  those in "The A-Team," both because the "Cargo" characters

24                  were drawn so thinly and because the characters of "The

25                  A-Team" differed in significant ways from those in "Cargo."

26  855 F.2d at 1483.

27          Because Plaintiffs' allegations are not plausibly suggestive of a claim entitling

28  Plaintiffs to relief against Signer for copyright infringement, Plaintiffs' First Claim

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

28417

9

DEFENDANT DAN SIGNER'S NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  against Signer should be dismissed.

2  **IV. PLAINTIFFS' FOURTH CLAIM FOR QUANTUM MERUIT SHOULD**

3  **BE DISMISSED BECAUSE IT IS PREEMPTED BY THE COPYRIGHT**

4  **ACT AND ALLEGES NO MISREPRESENTATION BY SIGNER**

5  In their Fourth Claim for quantum meruit, Plaintiffs reallege and incorporate all

6  the prior allegations of their Complaint, including their allegations that defendants

7  infringed the copyrights in Plaintiffs' Registered Works (Cmpt., ¶ 108), and then

8  pleads, as "an alternative to the claims of copyright infringement in Counts I, II and

9  III," a state law claim for quantum meruit. Cmpt., ¶ 109. Plaintiffs allege that "[a]s a

10  result of Defendants' unauthorized use of Plaintiff's scripts without permission or

11  compensation, Defendants have been unjustly enriched." Cmpt., ¶ 110. Plaintiffs'

12  quantum meruit claim fails to allege any additional facts beyond those alleged in their

13  copyright claim and does not include any element not included in that copyright claim

14  other than the conclusory allegation that "Defendants obtained a benefit from Plaintiff

15  *through misrepresentation* and the taking of an undue advantage." Cmpt., ¶ 111

16  (emphasis added.) Plaintiffs fail to allege what the purported misrepresentation was

17  or who purportedly made it.

18  That portion of the quantum meruit claim against Signer that relates to

19  "Defendants' [alleged] unauthorized use of Plaintiffs' scripts without permission or

20  compensation" and alleged unjust enrichment (Cmpt., ¶ 110) is preempted by the

21  Copyright Act. Section 301(a) of Copyright Act states, in relevant part:

22  [A]ll legal or equitable rights that are equivalent to any of
    the exclusive rights within the general scope of copyright as

23  specified by section 106 in works of authorship that are
    fixed in a tangible medium of expression and come within

24  the subject matter of copyright as specified by sections 102
    and 103, whether created before or after that date and

25  whether published or unpublished, are governed exclusively
    by this title. Thereafter, no person is entitled to any such

26  right or equivalent right in any such work under the common
    law or statutes of any State.

27  17 U.S.C. §301(a).

28

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

28417

10

DEFENDANT DAN SIGNER'S NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

A state law cause of action is preempted by the Copyright Act if: (1) the particular work to which the claim is being applied falls within the subject matter of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. §106. *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998).

Regarding the first prong, works fall within the subject matter of the Copyright Act when they are "original works of authorship fixed in any tangible medium of expression . . . ." 17 U.S.C. § 102(a). "Works of authorship" are defined to include literary works, dramatic works, and motion pictures. *Id.* Derivative works also fall within the subject matter of copyright. 17 U.S.C. § 103(a).

The second prong of section 301(a) – equivalency of rights – is satisfied whenever the rights protected by state law are "equivalent" to the exclusive rights protected by the Copyright Act. Those rights include the rights "to reproduce the copyrighted work," "to prepare derivative works based upon the copyrighted work," "to distribute copies . . . of the copyrighted work to the public," "to perform the copyrighted work publicly," and "to display the copyrighted work publicly." 17 U.S.C. § 106. In order to avoid preemption, the state cause of action must protect rights which are qualitatively different from those rights. *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134, 1143 (9th Cir. 2006), *cert. denied*, 549 U.S. 1252, 127 S.Ct. 1371, 167 L.Ed.2d 159 (2007). "'The state claim must have an extra element which changes the nature of the action.'" *Id.* (citing *Del Madera Properties v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987), *overruled on other grounds, Fogerty v. Fanatasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). If the additional element does not transform the underlying nature of the action, the state law claim will be subject to preemption. *Laws*, 448 F.3d at 1144-1145.

1    Plaintiffs' Fourth Claim for quantum meruit is fully covered by both prongs of

2 the two-part preemption test.  As to the first prong, it is beyond dispute that Plaintiffs'

3 *Student Teacher* pilot script and show bible and the *Mr. Young* television program fall

4 within the "subject matter" of copyright under Section 102(a).  As to the second

5 prong, Plaintiffs' quantum meruit claim is based on Signer's alleged "unauthorized

6 use of Plaintiff's scripts without permission or compensation" (Cmpt. ¶ 110) by

7 allegedly "creating a derivative work of Tiar's pilot script, copying and/or creating

8 derivative works of the episodes in the Registered Works and copying and/or creating

9 derivative works of the characters in the Registered Works" (Cmpt., ¶ 91

10 [incorporated into Plaintiffs' Fourth Claim for quantum meruit]) – *i.e.*, rights that are

11 equivalent to the exclusive rights protected by the Copyright Act.

12    Accordingly, that portion of Plaintiffs' quantum meruit claim that is based on

13 Signer's alleged use of Plaintiffs' *Student Teacher* pilot script and show bible is

14 preempted by the Copyright Act.  *Del Madera*, 820 F.2d at 977 (finding as preempted

15 an unjust enrichment claim based on alleged use or copying of materials within the

16 subject matter of copyright); 1 *Nimmer*, § 1.01[B][1][g], at 1-51 ("[A] state law cause

17 of action for unjust enrichment or quasi contract should be regarded as an 'equivalent

18 right' and hence, pre-empted insofar as it applies to copyright subject matter.").[1]

19

---

20 [1] Other circuits also follow this mandate.  *E.g.*, *Ehat v. Tanner*, 780 F.2d 876, 877-78

21 & n. 2 (10th Cir. 1985), *cert. denied*, 479 U.S. 820, 107 S.Ct. 86, 93 L.Ed.2d 39
(1986) (finding unjust enrichment claim alleging that the defendant profited from use

22 of literary material preempted); *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d
296, 306 (2d. Cir. 2004), *cert. denied*, 544 U.S. 949, 125 S.Ct. 1704, 161 L.Ed.2d 525

23 (2005) ("Plaintiffs seek to protect their alleged interests in 'The Thin Red Line' under
the theory that Phoenix was unjustly enriched by turning Jones' novel and Malick's

24 screenplay into a motion picture without compensating Briarpatch or obtaining
Briarpatch's permission.  From this, it is clear that the specific right they are trying to

25 enforce is the right of adaptation—*i.e.*, the right to prepare or authorize preparation of
a derivative work based on a novel or screenplay.  *See* 17 U.S.C. § 106(2).");

26 *American Movie Classics Co. v. Turner Entertainment Co.*, 922 F.Supp. 926, 934
(S.D.N.Y. 1996) ("preemption is appropriate because AMCC's unjust enrichment

27 claim does not allege that defendants were enriched from anything other than their
unauthorized exhibition of the copyrighted films—a claim which is equivalent to the

28 exclusive right of public performance provided by the Copyright Act.  Thus, the claim
does not possess the 'extra element' required to avoid preemption."); *McArdle v.
Mattel Inc.*, 456 F.Supp.2d 769, 779 (E.D. Tex. 2006) (finding unjust enrichment and

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

12

DEFENDANT DAN SIGNER'S NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

28417

1  That portion of Plaintiffs' Fourth Claim for quantum meruit that is based on an

2  alleged misrepresentation (Cmpt., ¶ 111) should be dismissed as to Signer because

3  Plaintiffs have alleged no misrepresentation by Signer. *See* Cmpt., ¶¶ 131-38; Section

4  V, *infra*. For the same reason, the conclusory misrepresentation allegation cannot

5  serve as an extra element that would allow the Fourth Claim to avoid preemption.

6  The entirety of Plaintiffs' Fourth Claim for quantum meruit should therefore be

7  dismissed as to Signer.

8  **V.   PLAINTIFFS' SEVENTH CLAIM FOR INTENTIONAL**

9  **MISREPRESENTATION SHOULD BE DISMISSED AS TO SIGNER**

10  **BECAUSE IT ALLEGES NO MISREPRESENTATION BY SIGNER**

11  The elements of a claim for intentional misrepresentation are:

12  (1)   misrepresentation (false representation, concealment, or nondisclosure);

13  (2)   knowledge of falsity (scienter);

14  (3)   intent to defraud (*i.e.*, to induce reliance);

15  (4)   justifiable reliance;

16  (5)   resulting damage.

17  *Anderson v. Deloitte & Touche*, 56 Cal.App.4th 1468, 1474 (1997); California Civil

18  Code §§ 1709, 1710.

19  In their Fourth Claim for intentional misrepresentation, Plaintiffs allege "that

20  Weitz made at least the following representation to Tiar: that, in his opinion, Tiar's

21  Registered Works could not be sold even if they were edited and/or adjusted." Cmpt.,

22  ¶ 131. Plaintiffs allege that this representation was false, that "Weitz made the

23  decision that WME could market *Student Teacher* and collect higher commissions if it

24  were marketed through a well-known producer, such as Signer," and that "[b]y

25  marketing the materials through Signer, Weitz knew WME could sell the works for a

27  quantum meruit claims in action by children's book author against toy company
preempted because "[u]njust enrichment and quantum meruit are equitable, quasi
28  contractual claims that exist when there is no express agreement" and "[t]he Copyright
Act generally preempts both claims").

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

13

DEFENDANT DAN SIGNER'S NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

28417

1   higher price." Cmpt, ¶ 133. Plaintiffs further allege that "at the time Weitz made

2   these representations, he knew them to be false and made these representations with

3   the intention to induce Tiar to act in reliance on these representations and stop

4   pursuing production of his scripts." Cmpt., ¶ 134. Nowhere do Plaintiffs allege *any*

5   representation – much less misrepresentation – *by Signer*. Because Plaintiffs do not

6   allege against Signer a key element of a claim for intentional misrepresentation, their

7   Fourth Claim should be dismissed as to Signer.

8   **VI.   PLAINTIFFS' TENTH AND ELEVENTH CLAIMS AGAINST SIGNER**

9   **FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF SHOULD**

10  **BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO ALLEGE**

11  **PLAUSIBLE CLAIMS FOR RELIEF**

12       As to Signer, Plaintiffs' Tenth Claim for declaratory relief seeks a judicial

13  determination of whether Signer committed copyright infringement by allegedly

14  creating derivative works of Plaintiffs' *Student Teacher* pilot script and show bible.

15  Cmpt., ¶ 149 (a). Plaintiffs' Eleventh Claim for injunctive relief and impoundment

16  seeks to enjoin Signer's alleged "wrongful conduct" and to impound all allegedly

17  infringing materials. Cmpt., ¶¶ 153-155. Because Plaintiffs have failed to allege a

18  plausible claim for relief against Signer for copyright infringement, Plaintiffs'

19  declaratory and injunctive relief claims should be dismissed as to Signer.

20  **VII.   CONCLUSION**

21       For all the foregoing reasons, Signer respectfully requests that Plaintiffs'

22  Complaint be dismissed as to Signer in its entirety.

23  DATED: December 10, 2012

24                              /s/
                              _____

25                              LOUIS P. PETRICH
                              ROBERT S. GUTIERREZ

26                              LEOPOLD, PETRICH & SMITH, P.C.
                              Attorneys for Defendant DAN SIGNER

27

28

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

28417

14

DEFENDANT DAN SIGNER'S NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF